## SUPREME COURT.

### Ramon M. Esterly agt. Emily E. Purdy *et al.*

*Usury paid to an agent — principal not liable — mortgage to secure future advances.*

Where an agent for the loaning of money takes a *bonus* beyond legal interest for himself, without the knowledge of the principal, it does not affect with usury the loan of the principal.

The cases of *Condit* agt. *Baldwin* (21 *N. Y.*, 219), and *Bell* agt. *Day* (32 *N. Y.*, 165), settle this doctrine, although it is probable that had *Condit* agt. *Baldwin* preceded *Bell* agt. *Day*, a different rule would have been adopted.

The parties to a mortgage given for a definite sum, may agree, upon payment down of a part of that sum, to make it an equitable security for future advances. And it would be competent to prove by parol that it was given to secure an open account, the balance of which was continually varying.

*N. Y. Special Term, February,* 1874.

Van Brunt, *J.*—The cases of *Condit* agt. *Baldwin* (21 *N. Y.*, 219), and *Bell* agt. *Day* (32 *N. Y.*, 165), establish the doctrine, that where an agent for the loaning of money takes a bonus beyond legal interest, for himself, without the knowledge of his principal, it does not affect with usury the loan of the principal, although it is probable that had not *Condit* agt. *Baldwin* preceded *Bell* agt. *Day*, a different rule would have been adopted.

There being no evidence showing that any of this bonus came to the hands of the plaintiffs, or was taken as a bonus by Butcher with their knowledge, the defense of usury is not made out according to the doctrine of the above cases. Although some of the statements upon the part of the plain-

tiffs would arouse strong suspicions, yet the usury law is so highly penal that it cannot be applied without some evidence beyond suspicion to sustain its application. The attempt is made to sustain the exactions of Mr. Butcher, upon the ground that these sums were paid to him for examination of the title, &c.; but it is evident that these sums were not paid for such services, but were paid as a bonus in order to procure the loan. They are, altogether, too large to have been intended as fees for examination of title, and they are paid, when no examination of title is necessary, for an extension of the loan.

The payment of the $2,500 undoubtedly discharged the lien of the mortgage *pro tanto*, but I think that the parties had the right, by agreement, to rehabilitate the mortgage, and make it a lien for its full amount.

They could, if $2,500 had been all that was at first agreed to be advanced and a $5,000 mortgage had been executed and delivered to secure, subsequently agree to receive the remaining $2,500, and that it should be covered by the mortgage; and, as long as the mortgage is in existence, uncanceled and undischarged, I can see no reason why the parties could not agree that it should cover future advances.

If A executed a mortgage to B for $10,000, it would be competent to prove by parol that that mortgage was given to secure an open account, the balance of which was continually varying; and it would be no answer to a claim that the balance of account was, on a given date, so much, and that there was consequently due on this mortgage an equal amount, that at some previous date the balance due on the account was a smaller sum. So in this case the parties could, by agreement, make this mortgage an equitable security for any advances which they might agree upon.

I do not think that the certificate can work an estoppel, because an estoppel is never raised by the declaration of a party, unless, relying upon the truth of the declaration, something is advanced or parted with. In this case the plaintiff .

Esterly agt. Purdy.

knew that the certificate was not true, and, therefore, no estoppel could arise ; but I think that the certificate can, and must be, construed as an agreement that the $2,500 shall be considered as secured by the mortgage, and this would entitle the plaintiffs, in equity, to enforce their lien, no equities of other persons having intervened.

The plaintiffs must have judgment.